IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE BALTIMORE GRILL, INC. JACQUELINE TARSITANO, Appellant, v. CATHERINE E. YOUNGMAN, Appellee. | Civil No. 17-220 (RMB) **OPINION** |

APPEARANCES:

Jacqueline Tarsitano
    *Pro Se Appellant*

Martha B. Chovanes, Esq.
Fox Rothschild LLP
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
    *Attorney for Appellee Catherine E. Youngman*

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the Notice of Appeal from Bankruptcy Court [Docket No. 1] by pro se Appellant Jacqueline Tarsitano ("Appellant") and the Motion to Dismiss the Appeal for Lack of Subject Matter Jurisdiction [Docket No. 6] by Appellee Catherine E. Youngman (the "Trustee"), the Chapter 11 Trustee for the estate of Debtor Baltimore Grill, Inc. (the "Debtor"). On January 10, 2017, Appellant filed the Notice of Appeal with the Clerk of the Bankruptcy Court, appealing the

1

Bankruptcy Court's December 21, 2016 Order [Docket No. 1-2] granting the Trustee's Motion to Sell Property Free and Clear of Liens under Section 363(f) of the Bankruptcy Code. Subsequently, the Trustee moved to dismiss the instant appeal for lack of subject matter jurisdiction as untimely. For the following reasons, the Court grants the Trustee's motion to dismiss and dismisses the instant appeal with prejudice.

I. **BACKGROUND**

Debtor Baltimore Grill, Inc. is a restaurant in Atlantic City, New Jersey, which has been owned and operated by Appellant's family for decades. On January 18, 2016, the Debtor filed a voluntary bankruptcy petition under Chapter 11 of title 11 of the United States Code in the Bankruptcy Court for the District of New Jersey. Bankruptcy Case No. 16-10816 (JNP). On May 27, 2016, Catherine E. Youngman was appointed as the Chapter 11 Trustee for the Debtor [Bankruptcy Docket No. 74]. Thereafter, the Trustee moved before the Bankruptcy Court for the entry of an order authorizing the Trustee to sell the Debtor's business assets, inventory, liquor license, and real property, as well as an order approving bidding procedures for the proposed sale (the "Sale Motion") [Bankruptcy Docket No. 123]. According to Appellant, upon learning of the Sale Motion, she contacted a friend, Ms. Janaya Moscony, about

whether Ms. Moscony would be willing to invest or purchase the restaurant and Ms. Moscony agreed.

The Bankruptcy Court held a hearing on the Trustee's Sale Motion on December 6, 2016. Appellant and members of her family participated in the hearing. The same day, a sale auction was conducted. Both Ms. Moscony and Boulevard Capital LLC participated in the auction bidding. Ultimately, Boulevard Capital LLC was the highest bidder and the Bankruptcy Court approved the sale [Bankruptcy Docket 12/6/2016 Minutes]. On December 21, 2016, the Bankruptcy Court issued the Order approving the sale, which is the subject of the instant appeal.

On January 10, 2017, Appellant filed the Notice of Appeal [Docket No. 1], requesting that this Court reverse the Bankruptcy Court's Order approving the sale to Boulevard Capital LLC and permit Ms. Moscony to purchase the Debtor's assets.[1] The Notice of Appeal, however, was not accompanied by the requisite $298.00 filing fee [Docket No. 1-1]. As a result, this Court issued an Order directing Appellant to submit the filing fee, as required by Federal Rule of Bankruptcy Procedure ("Bankruptcy

---

[1] For the reasons set forth herein, the Court does not reach the merits of Appellant's arguments as it lacks subject matter jurisdiction over the appeal. Nevertheless, even if it were to reach the merits, the Court sees no reason whatsoever to overturn the Bankruptcy Court's Order approving the sale to Boulevard Capital LLC and permit Ms. Moscony to purchase the Debtor's restaurant, given that Ms. Moscony participated in the auction and was ultimately outbid.

3

Rule") 8003(a)(3)(C), or complete an application to proceed in forma pauperis, no later than February 17, 2017 [Docket No. 2]. Thereafter, the Deputy Clerk of the Bankruptcy Court filed a Certification of Failure to File Designation of Record, indicating that Appellant had failed to timely file a designation of record on appeal or request an extension of time to do so from the Bankruptcy Court, pursuant to Bankruptcy Rule 8009 [Docket No. 3]. On or about February 17, 2017, Appellant submitted a document providing proof of payment to the Bankruptcy Court [Docket No. 5]. Although the submission is titled "Request for Extension of Time to File Designation of Record on Appeal," its contents merely reiterate Appellant's arguments set forth in the Notice of Appeal. Id.

On February 22, 2017, the Trustee moved to dismiss the instant appeal for lack of subject matter jurisdiction [Docket No. 6]. Appellant has not replied substantively to the Trustee's arguments in favor of dismissal, but instead has repeated the arguments made in the Notice of Appeal [Docket Nos. 8, 10].

## II. **ANALYSIS**

The Trustee moves to dismiss the instant appeal for lack of subject matter jurisdiction as Appellant did not timely file the Notice of Appeal in accordance with Bankruptcy Rule 8002(a). Bankruptcy Rule 8002(a) requires that "a notice of appeal must

4

be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed." The Bankruptcy Court may extend the time to file a notice of appeal upon motion by a party that is filed "within the time prescribed by" Bankruptcy Rule 8002, i.e. within fourteen days of the entry of the appealed order, or "within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Bankruptcy Rule 8002 specifically provides, however, that the Bankruptcy Court "may not extend the time to file a notice of appeal" if the order appealed from "authorizes the sale or lease of property or the use of cash collateral under § 363 of the [Bankruptcy] Code." Fed. R. Bankr. P. 8002(d)(2)(B).

"[T]he prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional." In re Caterbone, 640 F.3d 108, 111-12 (3d Cir. 2011). An appellant's "[f]ailure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir. 1985); accord In re Syntax-Brillian Corp., --- F. App'x ----, 2017 WL 2211253, at *2 n.2 (3d Cir. May 19, 2017); In re Chavannes, 658 F. App'x 65, 68 (3d Cir. 2016) ("This requirement is jurisdictional and non-waivable"); In re Jarusik, 653 F. App'x 772, 773 (3d Cir.

5

2016); In re Smith, 189 F. App'x 88, 89 (3d Cir. 2006) (quoting Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997)).

Here, Appellant's Notice of Appeal clearly is untimely. Thus, while the Court recognizes and is sensitive to Appellant's distress over the loss of her family's business, the Court lacks subject matter jurisdiction to consider this appeal. The Bankruptcy Court issued the appealed Order on December 21, 2016. Appellant filed the Notice of Appeal on January 10, 2017, twenty days later. Under Bankruptcy Rule 8002(a), however, the time to file the Notice of Appeal expired on January 4, 2017, fourteen days after the entry of the appealed Order. Additionally, Appellant did not request an extension to file the Notice of Appeal from the Bankruptcy Court at any time, let alone during the time prescribed by Bankruptcy Rule 8002 or within 21 days after that time, upon a showing of excusable neglect. See Fed. R. Bankr. P. 8002(d)(1). In any event, the Bankruptcy Court could not have extended the time for Appellant to file the Notice of Appeal because the appealed Order authorized the sale of the Debtor's assets and real property pursuant to Section 363 of the Bankruptcy Code. Fed. R. Bankr. P. 8002(d)(2)(B); see also In re Bowen, 2009 WL 1173522, at *2 (D.N.J. Apr. 24, 2009).

Bankruptcy Rule 8002 "has been strictly construed, requiring strict compliance with its terms." In re Universal

Minerals, 755 F.2d at 311-12. Moreover, Appellant's pro se status does not relax this jurisdictional requirement. Wong v. Blase, 2014 WL 4896975, at *5 n.3 (D.N.J. Sept. 29, 2014) ("Appellant's pro se status does not alter the jurisdictional requirement of [Bankruptcy] Rule 8002.") (collecting cases).[2] Indeed, the Third Circuit has consistently applied this jurisdictional timeliness requirement in cases involving pro se appellants in bankruptcy proceedings and affirmed district court decisions dismissing untimely appeals from bankruptcy court orders for lack of subject matter jurisdiction. See, e.g., In re Syntax-Brillian, 2017 WL 2211253, at *2 n.2; In re Chavannes, 658 F. App'x at 68; In re Jarusik, 653 F. App'x at 773; In re Coppedge, 619 F. App'x 57, 58-59 (3d Cir. 2015); In re Hussain, 532 F. App'x 196, 197 (3d Cir. 2013); In re Caterbone, 640 F.3d at 111-12; In re Jacobowitz, 384 F. App'x 93, 94 (3d Cir. 2010); In re Seagull, 155 F. App'x 80, 81-82 (3d Cir. 2005). Appellant did not timely file the Notice of Appeal and, as a result, this

---

[2] Appellant states that she "did not receive the order of sale until a late date during the holidays and with my work hours extremely long, sometimes fifteen hours a day." Notice of Removal at 1. This, however, does not excuse Appellant from compliance with the jurisdictional requirements set forth in Bankruptcy Rule 8002. In re Barbel, 212 F. App'x 87, 89 (3d Cir. 2006) ("Failure to receive notice of an order is no defense. [Bankruptcy] Rule 9022 provides that 'lack of notice . . . does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . .' It was [appellant's] responsibility to monitor the docket.") (internal citation omitted).

7

Court lacks subject matter jurisdiction to consider the merits of Appellant's appeal.

III. **CONCLUSION**

For the foregoing reasons, the Court finds that Appellant's Notice of Appeal is untimely, pursuant to Bankruptcy Rule 8002, depriving this Court of jurisdiction over the instant appeal. Accordingly, the Court grants the Trustee's Motion to Dismiss the Appeal for Lack of Subject Matter Jurisdiction and dismisses Appellant's appeal. An appropriate Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2017